IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY OTIS,<br><br>Defendant. | Case No. CR12-0004<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of February, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, John J. Bishop.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 7, 2012, Defendant Timothy Otis was charged by Indictment (docket number 3) with one count of conspiracy to distribute and possess with intent to distribute methamphetamine from a protected location (Count 1) and three counts of distribution of methamphetamine (Counts 2, 3, and 4). At the arraignment on February 8, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 9, 2012.

At the hearing, Sergeant Mark Strait of the Linn County Sheriff's Office testified regarding the circumstances underlying the instant charge.[1] Law enforcement first became aware of Defendant after his name came up from various confidential informants ("CI") as an individual who both used and sold methamphetamine. On September 20, 2011, law enforcement conducted a controlled drug purchase involving a CI and Defendant. The CI

---

[1] Sgt. Strait is assigned to the Drug Task Force.

met Defendant at his residence. Law enforcement observed Defendant leave his residence and drive to co-defendant Kurt Alexander's residence. Law enforcement saw Defendant pull into the alley behind Alexander's residence and go into Alexander's garage. After exiting the garage, Defendant returned to his residence, and sold the CI methamphetamine for $600.

On September 28, 2011, law enforcement executed search warrants on both Defendant's and Alexander's homes. In Defendant's residence, law enforcement found unprescribed prescription medication, a needle, and digital scale. Inside Alexander's garage, law enforcement found baggies with the corners cut off and red ties similar to the packaging used in the first controlled drug purchase, a digital scale, and a vial containing crystal methamphetamine.

On November 10, 2011, law enforcement conducted a second controlled drug purchase involving the same CI. Similar to the first controlled drug purchase, the CI went to Defendant's residence, Defendant went to Alexander's residence, went into Alexander's garage, and then returned to his residence and sold the CI methamphetamine for $600. Another female was also at Defendant's residence when the CI was there, and she also purchased methamphetamine from Defendant. According to the CI, Defendant told her that when the police executed the search warrant on Alexander's residence, they missed a substantial amount of crystal methamphetamine that was hidden in a car in Alexander's garage.

On December 7, 2011, law enforcement conducted a third controlled drug purchase with the same CI. The procedure was the same as the first two controlled drug purchases. The CI met Defendant at his residence, Defendant went to Alexander's garage, and returned to his residence and sold the CI methamphetamine for $600.

After he was arrested, Defendant admitted to law enforcement that he sold methamphetamine to a CI in the first controlled drug transaction. Defendant also told officers that he got the methamphetamine used in the transaction from Alexander.

According to the pretrial services report, Defendant is 51 years old. He was born and raised in Michigan, and later moved to Cedar Rapids, Iowa in 2000. He is currently single, but has been married twice in the past. He has one adult child from his first marriage, and two minor children from his second marriage. The minor children reside with their mother in Hiawatha, Iowa. Defendant told the pretrial services officer that over the past 12 months, he has worked "off and on" as a carpenter for One Stop Construction in Cedar Rapids. Prior to his current employment, Defendant worked as a union millwright since 1982.

Defendant told the pretrial services officer that he is in poor health. He stated that he suffers from thyroid problems and lung tumors. Defendant also reported back problems which have required four surgeries in the past seven years. Defendant further advised that he had undergone counseling for post-traumatic stress disorder after the 2008 flood in Cedar Rapids. Defendant identified himself as an alcoholic, but stated that his alcohol consumption has declined in the past two years because he started using drugs. Defendant stated that he used methamphetamine 3 to 4 times per week with his last use being 4 or 5 days prior to his arrest on the instant charges. In 1986, Defendant underwent inpatient substance abuse treatment in Green Bay, Wisconsin. He also underwent outpatient substance abuse treatment in 1999 at the Area Substance Abuse Council in Vinton, IA.

Defendant has an extensive criminal record dating back to 1986, when he was convicted of reckless driving. In August 1987, Defendant was charged and later convicted of an unknown traffic offense. In December 1987, Defendant was charged and later convicted of two counts of unlawful driving away of a motor vehicle. In 1989, Defendant was convicted of operating a motor vehicle with a suspended license.

In 1990, Defendant was charged and later convicted of conspiracy to commit a legal act in an illegal manner. In 1992, Defendant failed to appear for a probation violation hearing, and a warrant was issued for his arrest. The warrant remains active in the state of Michigan.

In January 1991, Defendant was charged and later convicted of OWI, second offense.[2] In April 1991, Defendant was charged and later convicted of first degree retail fraud. In 1993, Defendant was convicted of OWI in Montana. In April 1994, Defendant was charged with OWI in Elko County, Nevada. In May 1994, Defendant was charged with OWI in Lander County, Nevada. The disposition of both OWI charges in Nevada are unknown.

In March 1996, Defendant was charged and later convicted of consumption/intoxication. In May 1996, Defendant was charged and later convicted of OWI, first offense in Des Moines County, Iowa. Defendant failed to appear for trial in this matter, but no arrest warrant was issued. In 1999, upon case review, a warrant was issued and later served on Defendant. He was sentenced to 20 days in jail in December 1999.

On June 4, 1996, while on release on bond in the 1996 OWI case, Defendant was charged and later convicted of fifth degree criminal mischief. On June 5, 1996, while on release on bond in the 1996 OWI case, Defendant was charged with consumption/intoxication in two separate cases. He was convicted on the same day in the first case, and ordered to pay a fine. In the second case, Defendant failed to appear for his initial appearance, and a warrant was issued. The warrant was served, and the case was later dismissed.

In September 1997, while on release on bond in the 1996 OWI case, Defendant was charged and later convicted of driving with a denied or revoked license. He failed to appear for his initial appearance, and an arrest warrant was issued and later served. In October 1997, while on release on bond in the 1996 OWI case, and while on pretrial release in the September driving with a denied or revoked license case, Defendant was charged and later convicted of fifth degree theft and operating a motor vehicle with a suspended license. Defendant failed to appear for his pretrial conference, and an arrest

---

[2] Interestingly, there is no mention of a first OWI charge or conviction in the pretrial services report.

warrant was issued and later recalled. In November 1997, while on release on bond in the 1996 OWI case, while on pretrial release in the driving with a denied or revoked license case, and while the October 1997 charges remained pending, Defendant was charged and later convicted of driving with a suspended license. On March 16, 1998, Defendant was sentenced to 120 days which were suspended, and given 1 year probation on both the October and November operating a motor vehicle with a suspended license charges. On August 7, 1998, Defendant failed to appear for a probation review hearing on both charges, and an arrest warrant was issued. The warrant was served and Defendant was held in jail until his probation was reinstated. On May 14, 1999, Defendant again failed to appear for a probation review hearing on both charges, and a warrant was issued. On March 1, 2000, he was discharged from probation on both charges, and the arrest warrant in both cases was quashed.

In March 1998, while on release on bond in the 1996 OWI case, and while the October and November 1997 charges remained pending, Defendant was charged and later convicted of driving while barred, habitual offender. Defendant failed to appear for his pretrial conference, an arrest warrant was issued and later served. In December 1998, while on probation in the October and November 1997 driving with a denied or revoked license charges, Defendant was charged and later convicted of OWI, third offense. Defendant was sentenced to 365 days in jail with 95 days suspended, and given 2 years probation. In May 2002, his probation was extended one year. In February 2003, a violation of probation was filed against Defendant. An arrest warrant was issued and later served. Defendant's probation was revoked and he was sentenced to 95 days in jail.

In 2000, while on probation in the OWI, third offense charge, Defendant was charged and later convicted of driving while barred, habitual offender. On January 23, 2003, Defendant was charged with domestic abuse assault. He was later found not guilty on this charge. On January 24, 2003, while on probation in the OWI, third offense charge, Defendant was charged and later convicted of consumption of alcohol in a public place. In April 2003, while on probation in the OWI, third offense charge, Defendant

was charged and later convicted of OWI, third or subsequent offense. Defendant was sentenced to 5 years in prison with all but 60 days suspended, and given 3 years probation. In June 2004, a violation of probation was filed against Defendant. His probation was revoked and he was sentenced to 5 years in prison and the OWI Continuum. He was paroled in March 2005. He was discharged from parole in September 2006.

In January 2009, Defendant was charged and later convicted of OWI, third or subsequent offense. In June 2009, a violation of pretrial release was filed against Defendant, and an arrest warrant was issued. In July 2009, he failed to appear for his pretrial conference. Another arrest warrant was issued. Both warrants were served, and Defendant was held in jail, but later released on his own recognizance. In October 2009, Defendant failed to appear for sentencing. An arrest warrant was issued and later served. Defendant was released on his own recognizance, and then failed to appear for sentencing a second time. Again, an arrest warrant was issued and later served. Defendant was sentenced to 5 years in prison and the OWI Continuum. Defendant filed a notice of appeal, and was released on appeal bond in September 2010. The appeal was dismissed in December 2010. Officials with the Iowa Department of Corrections told the pretrial services officer that Defendant "should be in custody" because his appeal was dismissed, and a hold would likely be placed on him.

In April 2009, while on pretrial release in the January 2009 OWI case, Defendant was charged and later convicted of driving with a suspended license. Defendant failed to appear for his arraignment, and an arrest warrant was issued and later served. In February 2010, while on release on his own recognizance in the January 2009 OWI case, Defendant was charged and later convicted of driving with a suspended license. Defendant failed to appear for his pretrial conference, and an arrest warrant was issued and later served. In April 2010, while on release on his own recognizance in the January 2009 OWI case and the February 2010 driving with a suspended license charge, Defendant was charged again with driving with a suspended license. Defendant failed to appear for his arraignment, and an arrest warrant was issued and later served. This charge was dismissed in July 2010.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of

the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden

8

of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with one count of conspiracy to distribute and possess with intent to distribute methamphetamine from a protected location and three counts of distribution of methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Defendant was involved in three separate controlled drug transactions where he sold methamphetamine to a CI. Defendant admitted to police that he sold methamphetamine to the CI in the first controlled drug transaction.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant also has a long history of abusing alcohol, including at least seven convictions for operating a motor vehicle while intoxicated. Defendant also has a history of regularly using methamphetamine in the past two years. Additionally, Defendant has a record of either failing to comply with, or committing additional offenses while on pretrial supervision, probation, and parole. Furthermore, Defendant has failed to appear at least 15 times at court proceedings in the past 16 years. If convicted on Count 1 of the instant charges, Defendant faces a mandatory minimum prison sentence of 5 years. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 8, 2012) to the filing of this Ruling (February 10, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of February, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA